JAMES A. ODLUM, #109766
jodlum@mohlaw.com
MUNDELL, ODLUM & HAWS, LLP
650 E. Hospitality Lane, Suite 470
San Bernardino, California 92408
Telephone: (909) 890-9500
Facsimile: (909) 890-9580

Attorneys for Defendant
Lutronic Aesthetics, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL BYUN,<br><br>   Plaintiff,<br><br>   v.<br><br>LUTRONIC AESTHETICS, INC.; and DOES 1 to 50, inclusive,<br><br>   Defendants. | Case No. 8:21-cv-00969<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332 AND 1441(b); DIVERSITY JURISDICTION** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**BASIS FOR EXERCISE OF JURISDICTION (Local Rule 8.1)**

1.   This Court has removal jurisdiction of this case under 28 U.S.C. §§ 1332 and 1441(b) because Plaintiff Daniel Byun and Defendant Lutronic Aesthetics, Inc. are citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

## PROCEDURAL BACKGROUND

2. On March 15, 2021, an action was commenced in the Superior Court of the State of California, County of Orange, entitled *Daniel Byun v. Lutronic Aesthetics, Inc.* and Does 1 to 50, Superior Court Case No. 30-2021-01189944-CU-WT-CJC. A true and correct copy of the summons and complaint are attached hereto as Exhibit A.

3. On May 5, 2021, Defendant accepted service via Notice and Acknowledgment of Receipt. A true and correct copy is attached hereto as Exhibit B.

4. On May 14, 2021, Defendant served and filed its answer in the Superior Court. A true and correct copy of the answer is attached hereto as Exhibit C. The Orange County Superior Court website has not yet posted a conformed copy of the answer.

## TIMELINESS

5. Because this Notice of Removal is filed and served within 30 days of Defendant's acceptance of service under state law, this removal is timely. *Lerma v. URS Federal Support*, 2011 WL 2493764 (C.D. Cal. 2011).

## DIVERSITY OF CITIZENSHIP

6. Complete diversity of citizenship exists in that Plaintiff is a citizen of the State of California and Defendant Lutronic Aesthetics, Inc. was and is a corporation incorporated under the laws of the State of Delaware and has its

principal place of business in Massachusetts.

## AMOUNT IN CONTROVERSY

7. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because it is more likely than not that the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.

8. Where, as here, the amount in controversy is not apparent from the face of the complaint, a defendant may state underlying facts supporting its assertion tha the amount in controversy exceeds the jurisdictional threshold. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992). As alleged in paragraphs 9 through 20 below, the amount in controversy here, exclusive of interest and costs, exceeds $75,000.

**A.    Plaintiff's Alleged Lost Wages Alone Exceed $75,000**

9. Plaintiff alleges that his employment was terminated on April 3, 2020. (Ex. A, Complaint ¶ 6.) Plaintiff also alleges that he "has been harmed in the loss of wages, benefits and other damages." (Ex. A, Complaint ¶ 16.)

10. At the time of his termination, Plaintiff was paid an annual base salary of $70,000, plus potential commissions and the value of benefits.

11. Based on the 2019 Judicial Caseload Profile for the Central District of California obtained from the United States District Court's official

website (https://www.uscourts.gov/sites/default/files/data_tables/stfj_c5_630.2019.xlsx), the median time from filing to trial in a civil matter in the Central District is 20.6 months. Assuming a trial date of November 2022 (approximately 20 months from the date the lawsuit was filed), Plaintiff's alleged past lost wages could amount to at least $116,666.67 by the time of trial.

12. In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to an award of "front pay." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) (stating that future wages are "at stake" in the litigation and must be considered in assessing amount in controversy).

13. An award of even one year of front pay would entitle Plaintiff to more than $70,000 in additional recovery. See *Traxler v. Multnomah Cty.*, 596 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly three years' front pay in a wrongful termination suit).

**B.    Alleged Emotional Distress**

14. In addition to lost wages, Plaintiff alleges he has suffered "extreme emotional distress." (Ex. A, Complaint ¶ 37.)

15. In cases alleging discriminatory discharge, the emotional distress damages alone often exceed the $75,000 amount in controversy requirement. *See, e.g., Aguilar v. LA Metro BP Holding Co., LLC, et al.*, No. BC 651278,

2018 WL 7286562 (Los Angeles Sup. Ct., Nov. 20, 2018) (jury awarded $265,000 in pain and suffering damages for claims of discrimination, harassment, retaliation, failure to prevent harassment and discrimination, and wrongful termination); *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("In determining the amount in controversy, the district court properly considered . . . emotional distress damage awards in similar age discrimination cases. . .").

### C. Alleged Punitive Damages

16. Plaintiff also seeks punitive damages against Defendant. (Ex. A, Complaint ¶ 23 and Prayer for Relief ¶2.) For purposes of calculating the amount in controversy, the Court must assume that Plaintiff will prevail on his claim for punitive damages. See *Davenport v. Mut. Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 449-50 (S.D. Cal. 1995) (amount in controversy includes potential recovery of punitive damages award).

17. Verdicts in similar cases show that, when awarded, punitive damages in discrimination and wrongful termination cases often exceed $75,000. See *Aguilar*, 2018 WL 7286562, *supra* (jury awarded $145,000 in punitive damages for claims of discrimination, harassment, retaliation, failure to prevent harassment and discrimination, and wrongful termination).

### D. Alleged Attorneys' Fees

18. Plaintiff also seeks statutory attorneys' fees (Ex. A, Complaint ¶ 22, and Prayer for Relief ¶ 4.) Requests for attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. See *Galt G/S v. JSS Scandanvaia*, 142 F.3d 1150, 1155 (9th Cir. 1998) (statutory attorneys' fees included in amount in controversy, regardless whether fees discretionary or mandatory). The reasonable amount of attorneys' fees may be based upon fee awards in similar cases. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (relying on evidence of fee awards in similar cases to determine a reasonable estimate of attorneys' fees).

19. Verdicts in similar cases show that attorneys' fees in discrimination and wrongful termination cases often exceed $75,000. See *Begazo v. Passages Silver Strand, LLC*, No. BC595150, 2017 WL 2402841 (Los Angeles Sup. Ct., Mar. 3, 2017) (court awarded $375,568 in attorneys' fees to Plaintiff after prevailing on claims for retaliation and wrongful termination).

20. While Defendants deny any liability as to Plaintiff's claims, for each of the foregoing reasons, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

# NOTICE OF REMOVAL

21. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Orange, in the state court action.

22. The Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

23. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, discovery, and orders filed and/or served in this action are attached as Exhibits A-D.

# PRAYER FOR REMOVAL

WHEREFORE, Defendant Lutronic Aesthetics, Inc. prays that this civil action be removed from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California.

DATED: May 29, 2021

JAMES A. ODLUM
MUNDELL, ODLUM & HAWS, LLP

By: /s/ James A. Odlum
James A. Odlum
Attorneys for Defendant
Lutronic Aesthetics, Inc.