Electronically Filed by Superior Court of California, County of Orange, 03/15/2021 09:18:34 PM.
30-2021-01189944-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.
Case 8:21-cv-00969-DOC-JDE Document 1-1 Filed 05/29/21 Page 1 of 9 Page ID #:8

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

LUTRONIC AESTHETICS, INC.; and DOES 1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DANIEL BYUN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Center Justice Center
700 Civic Center Drive West
Santa Ana, CA 92701

CASE NUMBER:
*(Número del Caso):*
30-2021-01189944-CU-WT-CJC

Judge John C. Gastelum

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Lee Law, APC, 515 S. Flower St., Suite 1900, Los Angeles, CA 90071, (213) 236-3536

DATE: 03/15/2021
DAVID H. YAMASAKI, Clerk of the Court
*(Fecha)*

Clerk, by H. McMaster, Deputy
*(Secretario)* Hailey McMaster *(Adjunto)*

(For proof of service of this summons, use *Proof of Service of Summons (form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**EXHIBIT A PAGE 8**

Electronically Filed by Superior Court of California, County of Orange, 03/15/2021 09:18:34 PM.
30-2021-01189944-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.
Case 8:21-cv-00969-DOC-JDE Document 1-1 Filed 05/29/21 Page 2 of 9 Page ID #:9

David J. Lee (Bar No. 296294)
david@davidjleelaw.com
**DAVID LEE LAW, APC**
515 South Flower Street, Suite 1900
Los Angeles, California 90071
Telephone: (213) 236-3536
Facsimile: (866) 658-4722

Plaintiff
DANIEL BYUN

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

Assigned for All Purposes
Judge John C. Gastelum

| | | |
|---|---|---|
| DANIEL BYUN | ) | Case No. 30-2021-01189944-CU-WT-CJC |
| | ) | Assigned to Honorable |
| Plaintiff, | ) | Dept. |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES:** |
| | ) | |
| LUTRONIC AESTHETICS, INC.; and DOES 1 to 50, inclusive, | ) | 1. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | ) | |
| Defendants. | ) | 2. **RETALIATION IN VIOLATION OF FEHA-GOV'T CODE §§12940;** |
| | ) | |
| | ) | 3. **WHISTLEBLOWER RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE §1102.5;** |
| | ) | |
| | ) | 4. **VIOLATION OF CALIFORNIA LABOR CODE §6311; AND** |
| | | |
| | | 5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |
| | | |
| | | [DEMAND FOR JURY TRIAL] |

- 1 -
COMPLAINT

**EXHIBIT A PAGE 9**

**THE PARTIES**

1. Plaintiff Mr. DANIEL BYUN is an individual residing in Irvine, California ("Plaintiff").

2. Defendant LUTRONIC AESTHETICS, INC. is a corporation that provides aesthetic and medical laser products and technology to customers throughout the country. ("Defendant" or "Company")

3. Plaintiff was employed by the Defendant as an outside sales representative and he traveled throughout Los Angeles and Orange Counties to engage in various sales activities for the Defendant. Plaintiff worked primarily in Los Angeles during the latter part of his employment period and during the incidents mentioned herein.

4. The true names and capacities of the Defendants named herein as Does 1 through 50, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Plaintiff who therefore sues such Defendant by fictitious names pursuant to Code of Civil Procedure §474. Plaintiff is informed and believes that Does 1 through 50 are California residents, and or/parents, subsidiaries, and/or sister corporations to Defendant, and or individuals responsible for the acts complained of herein. Plaintiff will amend this Complaint to show such true names and capacities when they have been determined. Plaintiff alleges all known and unknown Defendant and all named Defendant, including the corporate and individual Defendant and their parents, subsidiaries, their successors in interest, partners, and their employees and/or agents, acted on behalf of, and for the benefit of, at the direction of, and under the control of, and in conspiracy with, each and every Defendant, known or unknown, and their agents and/or employees, and each of them, to do the acts complained of herein.

**JURISDICTION**

5. This Court has jurisdiction over the violations of the Fair Employment and Housing Act ("FEHA"), as Plaintiff has met all the jurisdictional requirements for proceeding with her claims under the FEHA, including without limitation, California Government Code Sections 12960 and 12965, by timely filing an administrative complaint against Defendant with the California Department of Fair Employment and Housing (the "DFEH") on or about March 15, 2021. On March 15, 2021, Plaintiff received his Right to Sue Letter from the DFEH against the Defendant.

## FACTUAL ALLEGATIONS

6. Plaintiff was employed by the Defendant from on or about July 1, 2019 to April 3, 2020 when he was wrongfully terminated after complaining about various unlawful and illegal activities by the Defendant.

7. Around the end of January 2020, Plaintiff brought up concerns regarding the company's meal break policy to the Regional Director Mr. Alex Crowe ("Mr. Crowe") and requested that he be allowed to take his mandatory meal breaks. However, Mr. Crowe denied Plaintiff's request and stated, "you eat when you get home at night" and "you shouldn't have time to eat because you should be banging away on the phones."

8. On March 19, 2020, Plaintiff brought up health and safety concerns to Mr. Crowe due to the fact that Plaintiff was required to engage in sales activities in the field in light of the pandemic and "Stay Home Order" issued by the State of California. However, Mr. Crowe responded to Plaintiff by asking him "Did you get 5 meetings" and further instructed him to continue violating the "Stay Home Order."

9. On March 31, 2020, Plaintiff filed a complaint against Mr. Crowe regarding the anxiety and work stress he was experiencing due to working in the field in light of the pandemic and "Stay Home Order" and the constant bullying and harassment by Mr. Crowe.

10. Afterwards, on March 31, 2020, Plaintiff also had a phone conference with Mr. Crowe and Mr. Crowe got upset at Plaintiff for complaining about him to the company and stated to him, "don't do that again" and "it's going to be my way or the highway." Mr. Crowe continued to bully and harass Plaintiff.

11. On April 1, 2020, the National Sales Director Mr. John Yannacone also got upset at Plaintiff and stated to him, "Alex is our guy, not you" and "we're on Alex's side and we'll believe what he has to say."

12. On April 2, 2020, Ms. Jackie Conlon from the HR department contacted Plaintiff and informed him that "nothing seemed illegal."

13. On April 3, 2020, the Defendant retaliated against Plaintiff and fired him under the pretext that he was being laid off due to the pandemic.

## FIRST CAUSE OF ACTION

## FOR WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

(AGAINST THE DEFENDANT AND DOES 1 TO 50)

14. As a separate and distinct cause of action, Plaintiff complains against the Company and Does 1 through 50, inclusive, and re-alleges all the allegations contained in the complaint, and incorporates them by reference into this cause of action as though fully set forth herein.

15. As a result of the allegations as stated above, the Company terminated Plaintiff in violation of various public policies including the FEHA and California Labor Code, including Government Code §12940 and Labor Code §§1102, 6310, which were all substantial motivating factors for Plaintiff's termination of employment.

16. Plaintiff has been harmed in the loss of wages, benefits and other damages in an amount to be proven at trial.

17. As a further proximate result of the Company's unlawful actions against Plaintiff, as alleged above, Plaintiff has been harmed in that she has suffered humiliation, embarrassment, disgrace, loss of reputation, loss of self-esteem, mental anguish, and emotional and physical distress, and has been generally damaged, all in amount to be proven at trial.

## SECOND CAUSE OF ACTION

## FOR RETALIATION IN VIOLATION OF GOV'T CODE §§ 12940 ET SEQ

(AGAINST THE DEFENDANT AND DOES 1 TO 50)

18. Plaintiff re-alleges and incorporates by referenced the foregoing statements and allegations, inclusive, as though set forth in full herein, against all Defendants and Does 1 to 50.

19. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

20. The Company is liable under Section 12940(m) for retaliating against Plaintiff because he resisted and complained about discrimination and harassment against the Defendant.

21. As a proximate result of the Company's retaliation against Plaintiff, he has suffered and continues to suffer compensatory damages, including without limitation, lost wages, loss of future earnings and earning capacity, loss of bonuses, emotional distress, mental anguish, embarrassment, humiliation, loss of future advancement, and damage to his reputation in the business community, in the amount of at least $25,000, according to proof at the time of trial, which is in excess of the jurisdictional minimum for this lawsuit to qualify as an unlimited civil action. Plaintiff claims such amounts as damages, together with prejudgment interest accruing from the date of the filing of this action pursuant to California Civil Code Sections 3281 and/or 3288, and/or any other provision of law providing for prejudgment interest.

22. As a proximate result of Company's retaliation against Plaintiff, he has been forced to hire attorneys to prosecute the claims alleged herein, and has incurred and is expected to continue to incur attorneys' fees. Pursuant to California Government Code Section 12965(b), Plaintiff requests the award of attorneys' fees against the Company.

23. The Company committed the acts alleged herein maliciously, fraudulently, and oppressively, callously, in bad faith, with the wrongful intent of injuring Plaintiff, and in conscious disregard of Plaintiff's right and safety. As such, Plaintiff is entitled to an award of punitive damages from the Company in an amount according to proof.

## THIRD CAUSE OF ACTION

## WHISTLEBLOWER RETALIATION IN VIOLATION OF

## LABOR CODE SECTION 1102

(AGAINST THE DEFENDANT AND DOES 1 TO 50)

24. Plaintiff hereby incorporates by reference each and every allegation set forth in all of the foregoing paragraphs as if fully set forth above, against the Company and Does 1 to 50.

25. At all times material to this Complaint, California Labor Code Section 1102.5 was in effect and binding on the Company This section requires the Company to refrain from retaliating against an employee for refusing to participate in an activity that he/she reasonably believes would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

26. Plaintiff engaged in protected activity under Labor Code Section 1102.5 by complaining and objecting to the unlawful and illegal activities by the Defendant.

27. The Company retaliated against Plaintiff for blowing the whistle, by harassing, threatening, and terminating Plaintiff, among other things, all in violation of Labor Code 1102.5.

28. As a direct and proximate result of such retaliation, Plaintiff has been damaged in a sum according to proof.

29. Plaintiff requests all available relief under Labor Code Section 1102.5 including damages and the imposition of a civil penalty of $10,000 for each violation.

## FOURTH CAUSE OF ACTION

## VIOLATIONS OF LABOR CODE § 6310

(AGAINST DEFENDANT AND DOES 1 TO 50)

30. Plaintiff hereby incorporates by reference each and every allegation set forth in all of the foregoing paragraphs as if fully set forth above, against all Defendant and Does 1 to 50.

31. At all relevant times, Labor Code section 6310 was in effect and was binding on defendants. This statute prohibits defendants from retaliating or otherwise discriminating against an employee, including the plaintiff, for raising complaints (either oral or written) about something the employee believed to be illegal or unsafe.

32. Plaintiff raised complaints of illegality, unsafe working conditions, and/or unsafe work practices while he worked for defendants and was believed to be willing to raise complaints and because of said complaints and the fact that the Plaintiff stood up for the workplace safety rights of both himself and his co-workers, defendants retaliated against him, discriminated against him, harassed him, and otherwise took adverse employment actions against him, up to, and including, the termination of his employment.

33. As a proximate result of defendants' willful, knowing, and intentional and repeated violations of Labor Code section 6310, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

34.    As a result of defendants' adverse employment actions against plaintiff, plaintiff has suffered general and special damages in sums according to proof.

35.    Plaintiff has incurred and continues to incur legal expenses and attorney's fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, et seq., plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

## FIFTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(AGAINST THE DEFENDANT AND DOES 1 TO 50)

36.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs of this complaint as if fully forth herein against all Defendants and Does 1 through 50.

37.    When the Defendants, and each of them, committed the acts described above, they did so deliberately and intentionally to cause Plaintiff to suffer humiliation, mental anguish, and emotional distress. The outrageousness of the above-described conduct is amplified due to a supervisor's abuse of their positions with actual and apparent authority over Plaintiff, such as is commonly found in employment relationships.  The Defendants, and each of them, were aware that their unlawful acts would cause Plaintiff to suffer extreme emotional distress and other consequential damages.

38.    The above-said acts of the Defendants, and each of them, constituted intentional infliction of emotional distress against Plaintiff and such conduct of the Defendants was a substantial or determining factor in causing damage and injury to Plaintiff.

39.    As a result of Defendants intentional infliction of emotional distress, Plaintiff has suffered and continues to suffer substantial loss and damages including, loss of salary, future advancement, bonuses, benefits, embarrassment, humiliation, and mental anguish in an amount to be determined at trial.

40.    Defendants and each of them, committed said intentional infliction of emotional distress alleged herein against Plaintiff, maliciously, fraudulently, and oppressively with the wrongful intent of injuring Plaintiff for an improper and evil motive which constitutes a malicious

and conscious disregard of Plaintiff's rights. Plaintiff is thereby entitled to punitive damages from Defendants in an amount to be determined at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against Defendants and Does 1 to 50, and each of them, in an amount according to proof as follows:

1. The general and special damages according to proof;
2. For exemplary damages, according to proof;
3. For pre-judgment and post-judgment interest on all damages awarded;
4. For reasonable attorneys' fees;
5. For costs of suit incurred;
6. For such other and further relief as the Court may deem just and proper; and
7. For declaratory relief.

Dated: March 15, 2021

_____
David J. Lee, Esq.
DAVID LEE LAW, APC
Attorneys for Plaintiff
DANIEL BYUN

### DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury.

Dated: March 15, 2021

_____
David J. Lee, Esq.
DAVID LEE LAW, APC
Attorneys for Plaintiff
DANIEL BYUN